```
                                                        U.S. DISTRICT COURT
                                                        DISTRICT OF VERMONT
                                                               FILED
             UNITED STATES DISTRICT COURT
                       FOR THE                          2017 FEB 23 PM 4:53
                 DISTRICT OF VERMONT
                                                              CLERK
                                                        BY_____(sig)_____
                                                             DEPUTY CLERK
```

MARK STEYN ENTERPRISES (US) INC. )
and MARK STEYN, )
)
)
      Plaintiffs, )
)
v. )   Case No. 2:17-cv-29
)
CRTV LLC, )
)
      Defendant. )

**ENTRY ORDER DENYING PLAINTIFFS' MOTION FOR AN
EX PARTE TEMPORARY RESTRAINING ORDER, DIRECTING SERVICE,
AND SETTING MOTION FOR TEMPORARY
RESTRAINING ORDER FOR HEARING**
(Doc. 2)

This matter came before the court on the motion for an ex parte temporary restraining order filed by Plaintiffs Mark Steyn Enterprises (US) Inc. ("MSE") and Mark Steyn. (Doc. 2.) Plaintiffs ask the court to enjoin Defendant CRTV LLC from discontinuing the production of Plaintiffs' television show, evicting MSE's employees and staff from the studio in Williston, Vermont, and preventing Plaintiffs from performing their contractual obligations. Plaintiffs contend they will suffer irreparable harm to their reputations and the loss of employment and health insurance for twenty employees and their families in the absence of the requested relief.

Plaintiffs are represented by Catherine E. Clark, Esq. Defendant is represented by Corbin K. Barthold, Esq. On February 21, 2017, Plaintiffs notified Attorney Barthold that they have filed a Complaint in this action and emailed to him a copy of the Complaint and attachments.

I.   **Factual Background.**[1]

Plaintiffs aver that Plaintiff Mark Steyn "is a world renowned author, TV and radio personality and musician" and that Plaintiffs entered into a "Binding Term Sheet" with Defendant for the production and distribution of a television show to be produced at a studio in Williston, Vermont to be built at Defendant's expense. (Doc. 1 at 1, ¶¶ 1, 4.) Plaintiffs aver that pursuant to the "Binding Term Sheet," Defendant is required to retain production, office, and security staff to support Plaintiff MSE and the production of Plaintiff Steyn's show. According to Plaintiffs, they have complied with their contractual obligations under the "Binding Term Sheet."

On February 8, 2017, Defendant's agent is alleged to have entered the leased studio premises after Plaintiff Steyn left for the day and advised the staff that the show was cancelled effective immediately. Thereafter, on February 20, 2017, Defendant through counsel is alleged to have informed Plaintiff Steyn that he was not entitled to enter the studio without authorization and would have until February 28, 2017 to meet with his staff and remove his personal property from the studio. Also on February 20, 2017, Defendant filed a demand for arbitration.

Plaintiffs allege that the abrupt cancelling of Plaintiff Steyn's show, after it had been extensively promoted by Defendant, will cause irreparable harm to Plaintiffs' reputation and goodwill. Plaintiffs further allege that their employees will suffer irreparable harm because they will lose their health insurance coverage as a result of Defendant's actions.[2]

II.  **Conclusions of Law and Analysis.**

A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

---

[1] The court derives the following facts Plaintiffs' Complaint and attachments thereto, and Plaintiffs' motion for an ex parte temporary restraining order.

[2] Plaintiffs do not allege facts that establish that they have standing to assert claims on their employees' behalf. *See Kowalski v. Tesmer*, 543 U.S. 125, (2004) (rejecting claim of attorneys based on third party standing to assert the rights of indigent individuals where "the party asserting the right [did not have] a 'close' relationship with the person who possesses the right" and "there [was no] 'hindrance' to the possessor's ability to protect his own interests").

persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted); *see also Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund*, 527 U.S. 308, 329 (1999) (noting that the prejudgment restraint of assets has been characterized as the "nuclear weapo[n] of the law") (internal quotation marks omitted). Pursuant to Rule 65(b), a court may issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "[A] district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders." *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964).

Once a plaintiff has established the requirements of Rule 65(b)(1) for issuance of an ex parte order, the court then considers whether plaintiff has established the requirements for the relief he or she seeks:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Barnes v. Alves*, 2010 WL 4340819, at 1 (W.D.N.Y. Nov. 2, 2010) ("In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction.").

In this case, the events which gave rise to Plaintiffs' Complaint commenced approximately two weeks ago. Since that time, the parties have been in communication through their counsel. Plaintiffs do not allege that if Defendant receives notice of their motion it will destroy their property or inflict different or additional harm. To the contrary, Defendant has received a copy of Plaintiffs' Complaint and has petitioned the court to order it sealed. It is thus not clear how Plaintiffs' harm will be any different if

3

Defendant is provided with notice and an opportunity to be heard. Because there are no "specific facts" which support a conclusion that notice should be excused and Defendant should not be heard before injunctive relief is ordered, the requirements for ex parte relief under Fed. R. Civ. P. 65(b)(1)(A) have not been met.

## CONCLUSION

For the foregoing reasons, the court hereby DENIES Plaintiffs' motion for temporary restraining order (Doc. 2) on an ex parte basis and directs Plaintiffs to serve their motion on Defendant. This matter is set for an expedited hearing on Monday, March 6, 2017 at 2:00 p.m. in Courtroom 542 in Burlington, Vermont.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of February, 2017.

Christina Reiss, Chief Judge
United States District Court